**E-FILED**
Monday, 07 December, 2009  02:03:59 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| LEVENCE SIMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   09-cv-1090 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Respondent's May 18, 2009, Response to Petitioner's § 2255 Motion and Respondent's Motion to Dismiss. (Doc. 5). Petitioner has also filed a Motion Pleading to Supplement § 2255 Filed as 12(b)(2) Motion Challenging the Courts Jurisdiction to Impose a Aggravating Drug Trafficking Sentence Pursuant to the § 851 Enhancements in Title 21 U.S.C. of F.R.C.P. (Doc. 4), and a Motion for Default Judgment against Respondent (Doc. 6).  For the reasons stated below, Respondent's Motion to Dismiss is granted.  Petitioner's Motion Pleading to Supplement § 2255 Filed as 12(b)(2) Motion Challenging the Courts Jurisdiction to Impose a Aggravating Drug Trafficking Sentence Pursuant to the § 851 Enhancements in Title 21 U.S.C. of F.R.C.P. is denied as moot, and his Motion for Default Judgment is denied.

### MOTION FOR DEFAULT JUDGMENT

Petitioner moves for default judgment under Federal Rule of Civil Procedure 55, alleging that Respondent has failed to respond to Petitioner's Motion under §

2255 as ordered by this Court.  (Doc. 6).  On March 19, 2009, this Court, though

noting that Petitioner had previously filed a Motion under § 2255, ordered

Respondent to respond, within 60 days, to the issue of whether Petitioner had to

obtain approval from the Court of Appeals under § 2255(h) before maintaining a

second or successive Motion. (Doc. 3).  Such response was due by May 19, 2009.

Respondent filed its Response and Motion to Dismiss on May 18, 2009.  (Doc. 5).

This filing satisfied the Court's ordered deadline, and Respondent has not

defaulted.[1]  Therefore, the Motion for Default Judgment is denied.

### MOTION TO DISMISS

In compliance with the Court's March 19, 2009, Order, Respondent submitted

a Response and Motion to Dismiss on May 18, 2009. (Doc. 5).  In this Motion,

Respondent states that Petitioner filed a previous § 2255 Motion in this Court, and

that this Court under § 2255(h) has no jurisdiction over the instant Motion without

leave from the Court of Appeals, which Petitioner has not obtained.[2]  The previous §

---

[1]     Under Rule 5 of the Rules Governing Section 2255 Proceedings in the District Courts, a respondent need not answer the motion unless ordered by the Court to do so.  Here, the Court specifically ordered Respondent to address only the question of whether the Court had jurisdiction, given the requirements of § 2255(h); the Court instructed Respondent not to address the merits. (Doc. 3 at 1-2).  Therefore, Respondent was under no duty to address the merits of the § 2255 Motion.  In addition, under Federal Rule of Civil Procedure 12(a)(4), the filing of a Motion to Dismiss changes the applicable deadline for filing a response to the merits of the case.  Even under the Federal Rules of Civil Procedure, then, Respondent's Response and Motion to Dismiss thus extended the time to file a Response that addressed the merits of the § 2255 Motion until 10 days after the Court's ruling on the Motion to Dismiss (here, the matter will be dismissed, so no response is necessary).

[2]     28 U.S.C. § 2255(h) provides: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…"

2255 Motion, case number 04-cv-1370, was received by the Court on October 22, 2004.

On July 13, 2005, this Court found on the basis of Petitioner's first § 2255 Motion and the Response that all but two of Petitioner's many claims were without merit.[3]  (04-cv-1370, Doc. 29).  On May 9, 2006, following an evidentiary hearing, this Court denied the remaing two of Petitioner's claims on the merits, which pertained to whether Petitioner's trial counsel provided ineffective assistance.  (04-cv-1370, Doc. 56).  Petitioner attempted to appeal the Court's decision, but both this Court and the Court of Appeals denied his request for a certificate of Appealability.  (04-cv-1370, Docs. 67 & 73).  Thus, under § 2255(h), the Court has no jurisdiction to hear a second § 2255 Motion from Petitioner.  Nunez v. U.S., 96 F.3d 990, 991 (7th Cir. 1996) ("The district court had no option other than to deny the [second § 2255] petition.  No matter how powerful a petitioner's showing, only [the Court of Appeals] may authorize the commencement of a second or successive petition.").

---

[3]     Under Garrett v. United States, "in order for a habeas petition to be considered successive, the previous motion must have been denied on the merits. The district court must have engaged in substantive review."  178 F.3d 940, 942-43 (7th Cir. 1999) (citing O'Connor v. United States, 133 F.3d 548, 550-51 (7th Cir.1998); Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997); Bennett v. United States, 119 F.3d 470, 471 (7th Cir.1997)).  Each of the 22 grounds raised by Petitioner was the subject of substantive review in this Court's July 13, 2005 Order, and their denial was not based on a "curable technical defect," such as failure to pay a filing fee or failure to exhaust state remedies.  This includes the grounds on which the Court held that Petitioner had procedurally defaulted by failing to present the claim on direct appeal, as Petitioner cannot go back and "cure" this defect by raising the issue on direct appeal.  Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (discussing § 2244(b)); Bennett, 119 F.3d at 471 (recognizing applicability of § 2244(b) to § 2255).  Therefore, the earlier Motion was denied "on the merits," and the instant Motion is a "second or successive motion" within the terms of § 2244(b) and § 2255(h).

Petitioner appears to attempt to circumvent this rule, but his effort is unavailing. Petitioner's original filing in the matter was submitted in his criminal case, case number 01-cr-10038, and was titled "Motion Pursuant to § 12(b) of the Federal Rules of Criminal Procedures Alleging the District Court Exceeded its Jurisdiction by Sentencing the Petitioner of an Aggravated Drug Offense." (Doc. 1). The Court construed the Motion as a § 2255 Motion, and docketed it as such under the instant case number. Subsequent to the Court's Order to Respondent to address whether § 2255(h) bars Petitioner's instant § 2255 Motion, Petitioner filed a Motion Pleading to Supplement § 2255 Filed as 12(b)(2) Motion Challenging the Courts Jurisdiction to Impose a Aggravating Drug Trafficking Sentence Pursuant to the § 851 Enhancements in Title 21 U.S.C. of F.R.C.P. (Doc. 4). Most recently, in his Motion for Default Judgment, Petitioner appears to contend that this Court erred in construing his instant Motion as arising under § 2255, and that the instant Motion is therefore not a "second or successive motion." (Doc. 6 at 1). Petitioner claims that his instant Motion alleges a violation of Federal Rule of Criminal Procedure 12(b), as the Court was allegedly without jurisdiction in his criminal case to impose an enhanced sentence because of an aggravating drug offense that was not listed in the indictment. (Docs. 1 & 4).

As the Seventh Circuit has held, "[p]risoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1 [now § 2255(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover."

Melton v. U.S., 359 F.3d 855, 857 (7th Cir. 2004) (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001); Owens v. Boyd, 235 F.3d 356 (7th Cir. 2000); United States v. Evans, 224 F.3d 670 (7th Cir. 2000)).  See also U.S. v. Canino, 212 F.3d 383, 384 (7th Cir. 2000) ("Motions nominally under a Rule of Criminal Procedure, but raising arguments within the scope of § 2255, must be treated as collateral attacks and dismissed if the petitioner has filed a prior collateral attack.").

Petitioner's Motion is exactly within the terms of § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(emphasis added).  Therefore, it was properly construed as a § 2255 motion, and is subject to the requirements of § 2255(h).  Melton, 359 F.3d at 857-58 ("Recharacterizing a prisoner's successive collateral motions in the sentencing court as within the scope of § 2255 does not pose any similar risk; the initial round of collateral review has been enjoyed (or, here, forfeited in the face of defeat), and the only question is whether the court will permit the prisoner to use nomenclature to defeat the rules established by Congress.  To that the answer must be no.").

As Petitioner's instant § 2255 Motion is a "second or successive motion" within the terms of § 2255(h), this Court is without jurisdiction over it.

IT IS THEREFORE ORDERED:

1.      Petitioner's Motion for Default Judgment (Doc. 6) is DENIED.

2.      Respondent's Motion to Dismiss (Doc. 5) is GRANTED.

3.      Petitioner's Motion Pleading to Supplement § 2255 Filed as 12(b)(2) Motion Challenging the Courts Jurisdiction to Impose a Aggravating Drug Trafficking Sentence Pursuant to the § 851 Enhancements in Title 21 U.S.C. of F.R.C.P. (Doc. 4) is DENIED AS MOOT.

4.      This matter is DISMISSED.


CASE TERMINATED.


Entered this 7th day of December, 2009

                                                    s/ Joe B. McDade
                                            JOE BILLY McDADE
                                        United States District Judge

6